**Glenda S. BARR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–543.**

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1988.

Donald W. Davis, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Marc Bovos, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Glenda S. Barr, was convicted of four counts of Embezzlement From the State in the District Court of Oklahoma

**898**

County, Case No. CRF–86–5380. She was sentenced to imprisonment for one year on each count, and was fined a total of $475.00. From that judgment and sentence, she brought this appeal. The previous opinion of this Court, delivered on April 8, 1988, was ordered vacated and withdrawn on August 2nd, 1988. We adopt this opinion on rehearing.

The record reflects that appellant was an employee of the Oklahoma Teaching Hospitals for approximately three years. During that period, several orders were placed for the drug Soma. Between July and September of 1986, several bottles of the drug were discovered missing, although it had not been prescribed for any patients. An investigation was conducted by the hospital which showed that appellant was the only pharmacy technician on duty every time that the drug had been ordered or had disappeared. The hospital terminated her employment and turned the matter over to the district attorney. At trial, a handwriting expert was called and testified that the writing on the orders matched appellant's.

 We find merit in appellant's second assignment of error, and will not address any others. In showing that appellant was the only pharmacy technician on duty every time that the drug had been ordered or had disappeared, the State offered a hand written summary of the hospital's time records. The summary had been prepared by a hospital employee on the basis of her own memory and the actual hospital time sheets. Defense counsel objected to admission of the summary on the grounds that it was not the best evidence, but his objection was overruled.

Under 12 O.S.1981, § 3002, the contents of a writing may be proved only by introduction of the original except as otherwise provided. The State asserts that an exception applicable to this case is contained in 12 O.S.1981, § 3006. That section provides for the admission of summaries of "[t]he contents of *voluminous* writings, recordings or photographs...." (Emphasis added.) Although the determination of whether a summary should be admitted generally lies within the sound discretion of the trial judge, *Nail By and Through Nail v. Oklahoma Children's Memorial Hospital,* 710 P.2d 755 (Okla.1985), the record in this case fails to reflect that the original time records were voluminous or that use of a summary was permissible. We must agree that error occurred.

 Admission of the summary was not harmless beyond a reasonable doubt. *See, Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Upon the record before us, we are unable to say that the summary did not unduly influence the jury's decision.

Accordingly, the judgment and sentence of the District Court of Oklahoma County is REVERSED, and the case is REMANDED for a new trial.

BRETT, P.J., and PARKS, J., concur.